**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000607
06-NOV-2014
08:14 AM**

NO. CAAP-12-0000607

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CITIMORTGAGE, INC., Plaintiff-Appellee, v.
ROGERLYNN K.A. NAPOLEON, Defendant-Appellant,
and
ROGER W. NAPOLEON SR.; JOHN DOE OR JANE DOE;
ALL PERSONS RESIDING WITH AND ANY PERSONS CLAIMING
BY AND THROUGH OR UNDER THEM, Defendants-Appellees.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. 1RC11-1-10108)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Rogerlynn K.A. Napoleon (Napoleon),
pro se, appeals from a Judgment for Possession and a Writ of
Possession, both filed on June 22, 2012, in the District Court of
the First Circuit, Honolulu Division (District Court).[1]

Napoleon contends that the District Court erred by
granting summary judgment in favor of Plaintiff-Appellee
Citimortgage, Inc. (Citi) because (1) proper notice of a
rescheduled foreclosure sale of her property was not provided and
the sale was conducted on a date other than previously noted,
(2) Citi conducted a nonjudicial foreclosure despite loan
modification negotiations, and (3) Citi failed to provide her

_____

[1] The Honorable Michael K. Tanigawa presided.

with a permanent loan modification. Specifically, Napoleon argues that Citi wrongfully foreclosed on the property by failing to publish notice of the auction at least 14 days prior to the December 7, 2010 rescheduled auction, as allegedly required by Hawaii Revised Statutes (HRS) § 667-5(a)(1) (Supp. 2011), and by failing to post a notice on the property at least 21 days prior to December 7, 2010, as allegedly required by HRS § 667-5(b)(2) (Supp. 2011). Napoleon also claims Citi engaged in unfair or deceptive practices and breached its contract and/or duty of good faith and fair dealing when Citi did not allow a permanent loan modification.

Citi contends this court lacks jurisdiction over the appeal because Napoleon's Notice of Appeal specified that she appealed from an unsigned and unfiled Order Granting Summary Judgment, and not from the Judgment for Possession and Writ of Possession. Citi also requests that the appeal be dismissed or the Opening Brief be stricken for failure to comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b). Lastly, Citi argues that the appeal should be dismissed as moot because the Writ of Possession was executed against Napoleon.

We have appellate jurisdiction in this case. HRS § 641-1(a) (Supp. 2013). As Citi points out, an appeal should not be lost "as long as the intent to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not mislead by the mistake." City & Cnty. of Honolulu v. Midkiff, 57 Haw. 273, 275-76, 554 P.2d 233, 235 (1976) (citation and internal quotation marks omitted). From the Notice of Appeal, it can be inferred that Napoleon appealed from the Judgment for Possession and Writ of Possession and that Citi was not mislead by Napoleon's characterization of the appeal as an appeal from summary judgment. Citi rebutted Napoleon's points of error and arguments by stating the District Court did not err in granting summary judgment and in issuing the judgment for possession and writ of possession.

2

We also decline to dismiss the appeal or strike Napoleon's pro se Opening Brief for failure to comply with HRAP Rule 28(b). Although Citi correctly points out that Napoleon's brief fails to comply with HRAP Rule 28(b) in a variety of ways, we seek to address cases on the merits when possible. Marvin v. Pflueger, 127 Hawai'i 490, 496, 280 P.3d 88, 94 (2012). Therefore, we address the merits of Napoleon's appeal to the extent we can discern the issues raised.

We also reject Citi's contention that the appeal is moot. "A case is moot if the reviewing court can no longer grant effective relief." Kaho'ohanohano v. State, 114 Hawai'i 302, 332, 162 P.3d 696, 726 (2007) (quotation marks, brackets, and emphasis omitted). Although the record on appeal contains an executed Writ of Possession, filed on October 29, 2012, there is no declaration by the person who executed the writ or any other person with personal knowledge that Citi is in possession of the property and that Napoleon is not in possession of the property. Therefore, Citi failed to provide sufficient evidence that this court can no longer grant effective relief.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we thus resolve Napoleon's points of error as follows:

Napoleon's arguments seek, in essence, to put title of the property into issue by challenging the propriety of the foreclosure. The District Court has jurisdiction over civil actions involving summary possession or ejectment, HRS § 604-5(a) (Supp. 2013), but does not have jurisdiction over "actions in which the title to real estate comes in question[.]" HRS § 604-5(d) (Supp. 2013). In order to put title at issue such that the District Court did not have jurisdiction to issue a writ of possession or ejectment, Napoleon was required to comply with Hawai'i District Court Rules of Civil Procedure (HDCRCP) Rule 12.1 which provides:

3

**Rule 12.1. Defense of title in district courts.**
*Pleadings.* Whenever, in the district court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, <u>such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question</u>, and such further particulars as shall fully apprise the court of the nature of defendant's claim.

(Emphasis added.) In order to fulfill the requirements of HDCRCP Rule 12.1, a written answer or written motion <u>and</u> an affidavit or declaration must be submitted. <u>Aames Funding Corp. v. Mores</u>, 107 Hawai'i 95, 98-99, 110 P.3d 1042, 1045-46 (2005).[2]

Napoleon did not file an Answer to the Complaint for Ejectment. Napoleon also did not file any written motion. Rather, Napoleon filed an unsigned opposition to Citi's Motion for Summary Judgment. In addition, Napoleon did not submit an affidavit or declaration in support of her contentions, including her assertions that the foreclosure was improper and that she was entitled to a loan modification. Therefore, Napoleon's Opposition to the Motion for Summary Judgment did not properly raise an issue as to her title to the property as required by HDCRCP Rule 12.1. <u>Aames</u>, 107 Hawai'i at 99-100, 110 P.3d at 1046-47; <u>Deutsche Bank Nat'l Trust Co. v. Peelua</u>, 126 Hawai'i 32, 39, 265 P.3d 1128, 1135 (2011).

Therefore,

---

[2] If Napoleon had properly raised an issue of title to the property, the District Court would have had to dismiss the ejectment action, and the parties would be able to litigate the issue of title in the Circuit Court, which has jurisdiction as to the issue of title.

4

IT IS HEREBY ORDERED that the Judgment for Possession and the Writ of Possession, both filed on June 22, 2012, in the District Court of the First Circuit, Honolulu Division are affirmed.

DATED: Honolulu, Hawai'i, November 6, 2014.

On the briefs:

Rogerlynn Napoleon
Defendant-Appellant pro se

Cheryl A. Nakamura
Lisa Strandtman
(Rush Moore LLP)
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge